**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**LARRY BURKS**
**ADC #087014**                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:14-CV-319 KGB/BD**

**RAY HOBBS, et al.**                                                      **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I.     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Court Judge Kristine G. Baker.  Mr. Burks may file written objections to

this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail objections to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## II.   Discussion

Larry Burks, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that he was improperly charged and convicted of a false disciplinary.  (Docket entry #2)  Mr. Burks names eight individuals as Defendants and seeks monetary damages.  Mr. Burks's claims should be dismissed based on settled law.

First, Mr. Burks explains that he previously filed a case before the State Claims Commission based on the same facts contained in his pending civil rights complaint.  In that case, Mr. Burks named the ADC as the Respondent.  According to the papers that Mr. Burks attaches to his § 1983 complaint, the Claims Commission dismissed Mr. Burks's claims based on the reasons provided in the Respondent's motion to dismiss. Based on these documents, it appears that Mr. Burks's claims are barred by res judicata (claim preclusion).  The Eighth Circuit has held that when an administrative agency acts in a judicial capacity to resolve disputed issues of fact properly before it, which the parties have had an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties or their privies based on the same cause of action.  *Williams*

*v. Campbell*, 163 F.3d 604 (8th Cir. 1998) (unpub. op.) (citing *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983)).

Second, the issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir. 1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Burks has not alleged or identified any retaliatory motive that Defendant Socia might have had to issue a false disciplinary.

Even if Mr. Burks had alleged facts to support a conclusion that Defendant Socia issued the disciplinary in retaliation, he still could not prevail. According to Mr. Burks's allegations, as a result of the disciplinary at issue, he remained in isolation for fifteen days and his classification was reduced. Under settled case law, placement in segregation for a relatively short interval, even if it means a temporary loss of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)(holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship)); and *Portley— El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002)(holding that thirty days in punitive

segregation was not an atypical and significant hardship under *Sandin*).[1]  Furthermore, an

inmate has no liberty interest in his prison classification.  See *Sanders v. Norris*, 153 Fed.

Appx. 403 (8th Cir. 2005)(unpub. per curiam op.)(holding that inmate did not have a

constitutional right to a particular classification); *Hartsfield v. Dep't. of Corr.*, 107 Fed.

Appx. 695, 696 (8th Cir. 2003) (same).

Third, although Mr. Burks claims that the named Defendants violated his equal

protection rights by discriminating against him, he fails to include any facts to support

such a claim.

Fourth, Mr. Burks's allegation that the Defendants failed to follow ADC policy

and procedure is not a federal issue.  Unfortunately for Mr. Burks, the law is long settled

that the failure to follow prison policy or procedure does not add up to a constitutional

claim.  *McClinton v. Arkansas Dep't. of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing

*Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)).

Fifth, Mr. Burks alleges that the named Defendants failed to adequately investigate

his disciplinary charge; but the failure to investigate cannot support a federal

constitutional claim.  The Court is not aware of any case that establishes an inmate's

federal constitutional or statutory right to an internal prison investigation.  See 42 U.S.C.

§ 1983; *Gatlin ex rel Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004)

---

[1] For the same reasons, Mr. Burks's claim that he was improperly held in administrative segregation for several days prior to his adjudication of guilt also fails.

(holding that a § 1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

Finally, Mr. Burks complains that the ADC's grievance procedure is inadequate. Even if this is so, it is not something that implicates a federal civil right.  Prisoners do not have a constitutional right to a grievance procedure, so the adequacy of the ADC's procedure is not a federal issue.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

III.   <u>Conclusion</u>

The Court recommends that Mr. Burks's claims be DISMISSED, because none of the allegations in the Complaint support a federal claim for relief.  Further, the Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 28th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

5